Interim Decision #1598

MATTER OF BADBADA

In Visa Petition Proceedings

A-14709834

Decided by Regional Commissioner March 15, 1966

Since an auto mechanic technician is not a member of the professions and his
skills cannot be equated with exceptional ability in the sciences or arts within
the meaning of section 203(a)(3), Immigration and Nationality Act, as
amended by P.L. 89-236, he is ineligible for third preference classification.

DISCUSSION: This case comes forward on appeal from the deci-
sion of the District Director who denied the petition on February 11,
1966 as follows:

The occupations of vehicle maintenance and automotive technician are not
occupations listed as requiring a member of one of the professions, and further
you have not established that you are a member of one of the professions.
The Dictionary of Occupational Titles, 1965, Volume 1, Definitions of Titles,
Third Edition, lists both these occupations under the general category of
"Automobile Services."

The denial of your petition, submitted by yourself to classify you as a mem-
ber of one of the professions, will not prejudice the adjudication of a sixth pref-
erence petition, should a prospective employer desire to petition in your behalf.
Sixth preference petitions must be submitted by a prospective employer, with
the required fee, a certification from the United States Department of Labor,
Bureau of Employment Security, and documents attesting to your skills and
abilities."

The petitioner is a 39-year-old married male, a native and citizen
of the Philippines residing in Pasay City, Philippines, with his wife
and minor child, also natives of the Philippines.

On February 12, 1966 the petitioner filed an application to clas-
sify himself as a member of the professions entitled to preference
under section 203(a)(3) of the Immigration and Nationality Act.
He plans to seek work as an auto mechanic technician in auto main-
tenance and air ground equipment in the San Francisco area. In
support of his petition, he has presented Form ES-575A establishing
that he is a specialist in the overhaul of auto transmissions, aircraft

654 .

generator sets, timing lights, motor compression, hydraulic systems, valve adjustments, and voltage regulations. He has presented certificates and commendations attesting to his training and efficiency. He claims 18 years' experience as an auto mechanic and has presented written evidence to establish that he has been occupied in this type of work for over 8 years. His qualifications as an auto mechanic have been established.

Section 101(a)(32) of the Act defines the term profession as follows:

The term "profession" shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies or seminaries.

Section 203(a)(3) of the Act provides for the allotment of immigrant visas "to qualified immigrants who are members of the professions or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

The occupation of auto mechanic technician is not classifiable as a profession, and the skills required of an auto mechanic technician cannot be equated with exceptional ability in the sciences or arts. Occupations falling within the third preference classification ordinarily require formal academic preparation, academic degrees, and/or training, experience, talents, and skills in fields such as science, law, education, religion and culture.

The petitioner in his brief has conceded that his occupation is not classifiable as a profession for purposes of section 203(a)(3) preference and has requested that his petition be considered for classification under section 203(a)(6) of the Act.

Section 203(a)(6) provides for the allotment of immigrant visas to qualified immigrants who are capable of performing specified skilled or unskilled labor not of a temporary or seasonal nature for which a shortage of employable and willing persons exists in the United States. Section 212(a)(14) of the Act, as amended, requires that an alien described in section 203(a)(6) of the Act obtain a certification from the Secretary of Labor to the effect that there is a shortage of workers in the United States to perform the work which the alien is to perform, and that the alien's employment would not adversely affect wages and working conditions of persons in the United States similarly employed.

It should be further noted that under section 203(a)(3) an alien may petition for himself and show how he qualifies for performance of duties of the position but under section 203(a)(6) the petition must be filed by a person who desires and intends to employ the

beneficiary within the United States, in accordance with section 204 (a) of the Immigration and Nationality Act as amended. Therefore, the alien in the subject case having expressed a desire to be considered for section 203(a)(6) preference, must first be the beneficiary of a petition filed by a person who desires and intends to utilize the services of the beneficiary in the United States as an auto mechanic. 8 CFR 204.2(g) provides that a petition for classification under section 203(a)(6) must be supported by Form ES-575A showing the beneficiary's qualifications, Form ES-575B, the job offer by the petitioner, and the certification by the Bureau of Employment Security, Department of Labor showing the unavailability of like labor in the United States.

The occupation of auto mechanic technician not being classifiable as a profession or included in the sciences and arts cannot be considered as an occupation falling within the provisions of section 203 (a)(3), and absent the required Bureau of Employment Security certification, the District Director was statutorily precluded from making a favorable finding that the petition be granted under section 203(a)(6) of the Act. The decision of the District Director was proper. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.